UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEZETTE PAULK,

    Plaintiff,

v.                                Case No.:   3:20-cv-1225-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Lezette Paulk seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on February 9, 2018, alleging disability beginning October 26, 2017. (Tr. 67, 179-80). The application was denied initially on March 28, 2018, and upon reconsideration on July 2, 2018. (Tr. 67, 84). Plaintiff requested a hearing and a

hearing was held on August 14, 2019, before Administrative Law Judge ("ALJ") M. Hart. (Tr. 31-56). On September 5, 2019, the ALJ entered a decision finding Plaintiff not disabled from October 26, 2017, through the date of the decision. (Tr. 15-25).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on September 25, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on October 27, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 26, 2017, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "spinal disorders and major joint dysfunction." (Tr. 17). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except lift up to 20 pounds occasionally; lift/carry up to 10 pounds frequently; stand/walk for about six hours and sit for up to six hours in an eight-hour workday, with normal breaks. The claimant should never climb ladders, ropes, or scaffolds; the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach in all directions, including overhead reaching, with the left upper extremity. The claimant should avoid concentrated exposure to extreme cold and extreme heat; avoid concentrated use of moving machinery and concentrated exposure to unprotected heights. The claimant is limited to occupations with a moderate noise intensity level as defined by the Dictionary of Occupational Titles.

(Tr. 19).

The ALJ found Plaintiff was able to perform her past relevant work as a school bus monitor. (Tr. 23). The ALJ found that in comparing Plaintiff's RFC with the physical and mental demands of this work, Plaintiff is able to perform this job as generally performed in the national economy. (Tr. 23-24). Alternatively, the ALJ found at step five after relying on the testimony of a vocational expert that considering Plaintiff's age (47 on the alleged onset date), education (at least high school education), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) laundry classifier, DOT[1] 361.687-014, light, unskilled, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

  (2) router, DOT 222.587-038, light, unskilled SVP 2

  (3) order caller, DOT 209.587-014, light, unskilled, SVP 2

(Tr. 25). The ALJ concluded that Plaintiff had not been under a disability from October 26, 2017, through the date of the decision. (Tr. 25).

## II. Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ erred by improperly evaluating the medical evidence of record regarding pain. (Doc. 22, p. 10). After summarizing some of the evidence showing that Plaintiff complained of pain due to her condition, Plaintiff argues the ALJ never considered the amount of off-task behavior that would occur due to the side-effects of Plaintiff's medication. (Doc. 22, p. 11). The Commissioner contends that the ALJ properly evaluated Plaintiff's subjective symptoms of pain. (Doc. 23, p. 6-10). Substantial evidence supports the ALJ's decision as to Plaintiff's subjective complaints.

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019). The ALJ must consider these factors given all of the evidence of record. *Ross*, 794 F. App'x 867. And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's]

medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

The ALJ considered Plaintiff's complaints of pain. (Tr. 20). She cited Plaintiff's testimony at the administrative hearing that Plaintiff is unable to work due to pain. (Tr. 20). In the decision, the ALJ made the following findings as to Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the claimant's file contains less than 12 months of medical treatment since her alleged onset date for her allegedly disabling conditions. In addition, the claimant has been without treatment since July 2018 despite having access to private medical insurance through her husband. Indeed, the claimant's attorney acknowledged that the medical records in the file were complete. Further, the claimant has not sought emergency care, urgent care, or low[-] cost care, and the claimant did not follow-up with referrals to pain management or psychiatry. The claimant's course and frequency of treatment, as well as the medical and overall evidence, further establish that the claimant's symptoms and limitations are not as severe as alleged. Furthermore, clinical findings from immediately after the alleged onset date do not establish significant symptomology, as discussed in detail below herein.

(Tr. 20).

The ALJ articulated adequate and explicit reasons for finding Plaintiff's subjective symptoms not as limiting as Plaintiff alleged. These reasons included: the medical records did not contain 12 months of medical treatment since the alleged onset date; Plaintiff had gone without treatment since July 2018; Plaintiff had not followed up with referral to pain management or psychiatry; and generally Plaintiff's course and frequency of treatment along with the overall medical and other evidence of record did not support the severe limitations as Plaintiff alleged. (Tr. 20).

Without citation to legal authority, Plaintiff argues the ALJ erred in not considering the side effects of Plaintiff's medications and how they may affect Plaintiff's ability to be on task at work. (Doc. 22, p. 11). At the administrative hearing, Plaintiff testified that her medications caused drowsiness, dizziness, and sleepiness. (Tr. 37). But other than this testimony, Plaintiff does not cite any objective medical evidence that shows she complained of and actually suffered from any side effects from her medications that would affect her ability to work. Absent further support, the Court finds the ALJ did not err in failing to discuss the side effects from taking medications. *See Forson v. Comm'r of Soc. Sec.*, No. 6:18-cv-1929-ORL-18DCI, 2020 WL 601899, at *5 (M.D. Fla. Feb. 7, 2020) (finding ALJ did not "err in failing to discuss limitations related to side effects from taking medication, an allegation that [the plaintiff] presents without citing objective medical evidence sufficiently showing that he complained of and actually suffered

side effects from his medications that affected his ability to work"). The Court finds that the ALJ articulated adequate and explicit reasons for her findings concerning Plaintiff's subjective complaints and considering the record as a whole, substantial evidence supports the ALJ's decision.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties